FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 11 2021

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**ANGELA BURNS**                                                           **PLAINTIFF**

vs.                                      No. 3:21-cv-93-BSM

**NEWPORT COUNTRY CLUB, INC.**                              **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Angela Burns ("Plaintiff"), by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Newport Country Club, Inc. ("Defendant"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2.  Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

This case assigned to District Judge Miller
and to Magistrate Judge Harris

Page 1 of 9
Angela Burns v. Newport Country Club, Inc.
U.S.D.C. (E.D. Ark.) Case No. 3:21-cv-___
Original Complaint

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts alleged in this Complaint had their principal effect within the Northern Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Jackson County.

7. Defendant is a domestic, non-profit corporation.

8. Defendant's registered agent for service is Tim Watson, at 209 Walnut Street, Newport, Arkansas 72112.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

10. Defendant owns and operates a country club in Newport, Arkansas.

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that

have been moved in or produced for interstate commerce, such as food and beverage products, computers and office supplies.

12.  Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13.  Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

14.  Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

15.  Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

16.  At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

17.  Plaintiff was employed by Defendant from October of 2013 until May of 2021.

18.  At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

19.  Plaintiff worked at Defendant's location in Newport.

20. Plaintiff regularly handled or was involved with the instrumentalities of interstate commerce such as using cell phone, credit cards and the internet. Additionally, Plaintiff regularly ordered food, beverages and supplies from out of state.

21. Plaintiff was employed by Defendant as an "assistant to the general manager" and then as a "general manager."

22. Since July of 2017, Plaintiff was paid a salary and classified as non-exempt from the overtime requirements of the FLSA.

### A. Assistant to the General Manager

23. From July of 2017 until January of 2020 Plaintiff's job title was "Assistant to the General Manager."

24. During this period of time, Plaintiff's primary job duties were assisting the kitchen manager, completing office paperwork, waiting tables, housekeeping, pool maintenance, and running errands.

25. Plaintiff did not have the authority to hire, fire or evaluate other employees.

26. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

27. Plaintiff sought input from Defendant in lieu of making significant decisions on her own.

28. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

29. Plaintiff regularly worked over forty hours per week.

30. Plaintiff estimates she regularly worked between 60 and 70 hours per week.

31. Defendant scheduled Plaintiff to work more than 40 hours per week.

32. All of Plaintiff's work was performed on-site.

33. Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours worked over 40 per week.

**B.  General Manager**

34. From January of 2020 until May of 2021 Plaintiff's job title was "General Manager."

35. During this period of time, Plaintiff's primary job duties were completing office paperwork, waiting tables, housekeeping, bartending, pool maintenance, and kitchen management.

36. Defendant paid Plaintiff a salary of less than the statutory minimum of $684.00 per week.

37. On or around April 1, 2021, Defendant informed Plaintiff that she could no longer hire or fire any employees.

38. Plaintiff regularly worked over forty hours per week.

39. Plaintiff estimates she regularly worked between 60 and 70 hours per week.

40. Defendant scheduled Plaintiff to work more than 40 hours per week.

41. All of Plaintiff's work was performed on-site.

42. Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours worked over 40 per week.

43. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours she worked over forty per week.

44. At all relevant times herein, Plaintiff received a rent credit from Defendant and lived in an on-site apartment.

45. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as rent credits, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

46. The rent credit should be included in Plaintiff's regular rate when calculating her unpaid overtime premium pay.

47. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.   CAUSE OF ACTION—VIOLATION OF THE FLSA

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

50. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

51. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

52. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets

certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

53. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

54. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

55. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

56. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI. CAUSE OF ACTION—VIOLATION OF THE AMWA

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

58. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

59. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

60. Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

61. Defendant misclassified Plaintiff as exempt from the requirements of AMWA.

62. Defendant failed to pay Plaintiff overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

63. Defendant knew or should have known that its practices violated the AMWA.

64. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as provided by the AMWA.

## VI.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Angela Burns respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA and their related regulations;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA, the AMWA and their related regulations;

E. Judgment for liquidated damages pursuant to the FLSA, the AMWA and their related regulations;

F.   An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G.   For a reasonable attorney's fee, costs, and interest; and

H.   Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ANGELA BURNS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com